# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR RODRIGUEZ, | : | CIVIL ACTION |
|     Plaintiff | : | |
|     v. | : | |
| NANCY A. BERRYHILL, | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
|     Defendant | : | NO. 18-4470 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                          May 2, 2019

      Hector Rodriguez ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. In his request for review, Plaintiff raises a claim, premised on *Lucia v. Securities and Exchange Commission,* 138 S. Ct. 2044 (2018), that the administrative law judge ("ALJ") who decided his case was not appointed in compliance with the Appointments Clause of the U.S. Constitution. Pl.'s Br. and Statement of Issues in Support of Request for Review at 4-8. After further briefing of the *Lucia* question and, for the reasons set forth below, this case will be remanded to a different ALJ, one that has been appointed in compliance with the Appointments Clause.

      In *Lucia*, the Supreme Court held that S.E.C. ALJs were Officers of the United States, not merely employees of the S.E.C. 138 S. Ct. at 2049. As such, S.E.C. ALJs must be appointed by either the President, "Courts of Law," or "Heads of Departments." *Id.* at 2050. Because Lucia's ALJ had been appointed by S.E.C. staff members, *id.*, his appointment was improper. *Id.* at 2055. The appropriate remedy for this violation of the Appointments Clause was to award Lucia a new

hearing before a properly appointed ALJ, one that was different from the one who had already heard Lucia's case. *Id.*

Herein, the Commissioner concedes that Plaintiff's ALJ was an officer, not an employee. *See* Defendant's Response ("Resp.") at 12 n.3. The Commissioner also does not contend that Plaintiff's ALJ was appointed in compliance with the Appointments Clause. In effect, the Commissioner concedes a constitutional violation. The Commissioner, however, maintains that Plaintiff forfeited his Appointments Clause claim by failing to present it to the ALJ and the Appeals Council. *See id.* at 11-20. The Commissioner also notes that, on March 15, 2019, she issued Social Security Ruling ("SSR") 19-1p, which provides for Appeals Council review of a claimant's assertion that the ALJ in his or her case was not appointed in compliance with the Appointments Clause. Resp. at 19 n.8.

The Commissioner advanced similar arguments in *Muhammad v. Berryhill*, Civ. A. No. 18-172. In that case, Judge Rice concluded that, despite not raising an Appointments Clause claim before the ALJ or the Appeals Council, Muhammad had not forfeited the claim. *Id.*, slip op. at 7-12 (Nov. 2, 2018). I find Judge Rice's reasoning to be persuasive. Like Muhammad, Plaintiff herein presented the Appointments Clause claim to this court at the first briefing opportunity after *Lucia* was decided on June 21, 2018. Further, it would be unjust to find that Plaintiff forfeited his Appointments Clause claim by failing to present it to the ALJ or Appeal Council, because: (1) there is no Social Security statute or regulation which requires forfeiture on judicial review if an issue is not raised at the administrative level; and (2) while *Lucia* was pending in the Supreme Court, the Social Security Administration instructed ALJs that, if Appointments Clause challenges were raised before them, they had no authority to decide them. *Id.*, slip op. at 11-12. Furthermore, SSR 19-1p applies prospectively and was issued well after Plaintiff appeared before the ALJ;

2

hence, that ruling does not change the court's forfeiture analysis.

The remedy for an Appointments Clause violation is a new hearing before a properly appointed ALJ.[1] *Muhammad*, slip op. at 12. This ALJ must be someone other than the ALJ who decided Plaintiff's case initially. *Id.* (citing *Lucia*, 138 S. Ct. at 2055). Because the proper remedy is a new hearing before a new ALJ, *Lucia*, 138 S. Ct. at 2055, it is unnecessary to address Plaintiff's challenges to the determinations made by his improperly-appointed ALJ.

An implementing Order follows.

---

[1] On July 16, 2018, the Commissioner ratified the appointment of all existing ALJs. *Muhammad*, slip op. at 6. This means that there should be a properly-appointed ALJ to decide this case upon remand.